E-FILED
Friday, 03 September, 2010   04:48:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEBRA METCALF and MILO METCALF, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause no. 10- |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AT LAW UNDER THE FEDERAL TORT CLAIMS ACT**

COMES NOW, Plaintiffs Debra Metcalf and Milo Metcalf, by and through Thomas F. Koester of the law firm of Phebus & Koester, LLP, and complaining of defendant, UNITED STATES OF AMERICA, as follows:

**Jurisdiction, Venue and Conditions Precedent**

1. The Plaintiffs are husband and wife and at all times relevant herein live and have lived in Paris, Illinois and thus are residents of the Central District of Illinois.

2. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) for money damages as compensation for personal injuries and other damages caused by the tortuous acts and omissions of employees of the United States of America while acting within the scope of their offices and employment, under circumstances where the United States of America, if a private person or entity would be liable to the plaintiffs in accordance with the laws of the State of Illinois.

3. Venue is proper in that all of the acts and omissions forming the basis of these claims occurred in the Central District of Illinois and arose from the failure by the United States government and its agents and employees to provide adequate protection and security to Plaintiff Debra Metcalf, while she was a patient at the VA Illiana Healthcare System Hospital located in Danville, Illinois (hereinafter referred to as "Danville VA Hospital"), which is operated by the United States Department of Veteran Affairs.

4. The Plaintiffs have fully complied with the provisions of 28 U.S.C. §2671 and a Standard Form 95 was timely filed with the Tort Claims Section of the United States Department of Veteran Affairs in Hines, Illinois on September 4, 2009. Further, this suit has been timely filed in that said agency has not taken final action.

## COUNT I

### (Debra Metcalf - Personal Injury)

1. That Plaintiff Debra Metcalf, served in the United States Military from approximately January 1976 through approximately September 1987 as an air traffic controller for the United States Navy and was honorably discharged following her service. As a veteran of the United States Military, Plaintiff Debra Metcalf, became and at all relevant times thereafter was eligible for various benefits including, but not limited to, medical care through the Department of Veteran Affairs.

2. That following her honorable discharge, the Plaintiff Debra Metcalf, has suffered from a psychiatric disorder, namely, bipolar disorder.

3.     That due to her diagnosis of bipolar disorder the Plaintiff Debra Metcalf, from time to time required in-patient admissions to a psychiatric unit for treatment of said disorder.

4.     That at all times relevant herein, the Defendant, United States of America, operated, managed, maintained, and controlled a hospital and healthcare facility known as the VA Illiana Health Care System, located in Danville, Illinois (hereafter referred to as the Danville VA Hospital)

5.     That on August 23, 2007, the Plaintiff Debra Metcalf, was admitted to the psychiatric unit of the Danville VA Hospital for medical care and treatment of her bipolar psychiatric disorder.

6.     That at all relevant times during the course of her admission to the psychiatric unit of the Danville VA Hospital, the Defendant was under a duty to exercise such reasonable care for her safety as her known condition required, and accordingly, was under a heightened duty to protect her because of her vulnerability resulting from her psychiatric condition and her medications for said condition.

7.     That on September 6, 2007, during the course of her admission to the psychiatric unit and while in her hospital room, the Plaintiff Debra Metcalf, was sexually abused and assaulted by multiple individuals, both known and unidentified.

8.     That at the time the Plaintiff Debra Metcalf, was sexually abused and assaulted, by multiple individuals, she did not and was unable to knowingly consent to the abuse and assault due to her psychiatric condition and medication which had been administered to her by the Defendant.

9. Further, because of her psychiatric condition and medicated state, the Plaintiff Debra Metcalf, was unable to attempt to self-defend herself against her attackers.

10. That the aforesaid attack and assault upon the Plaintiff Debra Metcalf, was the direct and proximate result of one or more of the following violations of the Defendants aforesaid duty owed to the Plaintiff:

    A. Failed to provide Plaintiff Debra Metcalf, with the degree of protection and security required because of her known psychiatric condition and medications;

    B. Failed to segregate male patients from female patients in the psychiatric unit of the Danville VA Hospital;

    C. Failed to adequately monitor those individuals entering the plaintiff's hospital room on the psychiatric unit of the Danville VA Hospital;

    D. Failed to establish adequate security procedures to protect psychiatric patients from sexual abuse and assault;

    E. Failed to enforce security procedures to protect psychiatric patients from sexual abuse and assault;

    F. Allowed male patients to enter into the Plaintiff's hospital room;

    G. Allowed unauthorized employees to enter the Plaintiff's hospital room.

11. That as a direct and proximate result of her sexual abuse and/or sexual assault by multiple individuals, the Plaintiff Debra Metcalf, has sustained severe, permanent, and disabling injuries including, but not limited to, an extreme aggravation of her psychiatric condition and now suffers from the additional condition of post-traumatic stress disorder and has suffered profoundly in her ability to enjoy life and carry on her usual affairs of life, and said events have required her to undergo substantial medical care

and counseling, and has caused her to suffer both in mind and in body, said injuries all being permanent in nature.

WHEREFORE, Plaintiff Debra Metcalf, demands judgment against Defendant, United States of America, in the sum of $12,000,000.00.

## COUNT II

### (Milo Metcalf - Loss of Consortium)

1. That Plaintiff Debra Metcalf, served in the United States Military from approximately January 1976 through approximately September 1987 as an air traffic controller for the United States Navy and was honorably discharged following her service. As a veteran of the United States Military, Plaintiff Debra Metcalf, became and at all relevant times thereafter was eligible for various benefits including, but not limited to, medical care through the Department of Veteran Affairs.

2. That following Plaintiff Debra Metcalf's, honorable discharge, she has suffered from a psychiatric disorder, namely, bipolar disorder.

3. That due to her diagnosis of bipolar disorder the Plaintiff Debra Metcalf, from time to time required in-patient admissions to a psychiatric unit for treatment of said disorder.

4. That at all times relevant herein, the Defendant, United States of America, operated, managed, maintained, and controlled a hospital and healthcare facility known as the VA Illiana Health Care System, located in Danville, Illinois (hereafter referred to as the Danville VA Hospital).

5. That on August 23, 2007, the Plaintiff Debra Metcalf, was admitted to the psychiatric unit of the Danville VA Hospital for medical care and treatment of her bipolar psychiatric disorder.

6. That at all relevant times during the course of Plaintiff Debra Metcalf, her admission to the psychiatric unit of the Danville VA Hospital, the Defendant was under a duty to exercise such reasonable care for her safety as her known condition required, and accordingly, was under a heightened duty to protect her because of her vulnerability resulting from her psychiatric condition and her medications for said condition.

7. That on September 6, 2007, during the course of her admission to the psychiatric unit and while in her hospital room, the Plaintiff Debra Metcalf, was sexually abused and assaulted by multiple individuals, both known and unidentified.

8. That at the time the Plaintiff Debra Metcalf, was sexually abused and assaulted, by multiple individuals, she did not and was unable to knowingly consent to the abuse and assault due to her psychiatric condition and medication which had been administered to her by the Defendant.

9. Further, because of her psychiatric condition and medicated state, the Plaintiff Debra Metcalf, was unable to attempt to self-defend herself against her attackers.

10. That the aforesaid attack and assault upon the Plaintiff Debra Metcalf, was the direct and proximate result of one or more of the following violations of the Defendants aforesaid duty owed to the Plaintiff:

   A.  Failed to provide Plaintiff Debra Metcalf, with the degree of protection and security required because of her known psychiatric condition and medications;

   B.  Failed to segregate male patients from female patients in the psychiatric unit of the Danville VA Hospital;

   C.  Failed to adequately monitor those individuals entering the Plaintiff Debra Metcalf's hospital room on the psychiatric unit of the Danville VA Hospital;

   D.  Failed to establish adequate security procedures to protect psychiatric patients from sexual abuse and assault;

   E.  Failed to enforce security procedures to protect psychiatric patients from sexual abuse and assault;

   F.  Allowed male patients to enter into the Plaintiff Debra Metcalf's hospital room;

   G.  Allowed unauthorized employees to enter the Plaintiff Debra Metcalf's hospital room.

  11.  That Plaintiff Milo Metcalf, is the spouse of Plaintiff Debra Metcalf, having been married in February 1991 and they have remained as husband and wife at all relevant times herein.

  12.  That as a direct and proximate result of her sexual abuse and/or sexual assault by multiple individuals, the Plaintiff Debra Metcalf, has sustained severe, permanent, and disabling injuries including, but not limited to, an extreme aggravation of her psychiatric condition and now suffers from the additional condition of post-traumatic stress disorder.

  13.  That as a result of the injuries to his wife, Plaintiff Milo Metcalf, has suffered a severe loss of the society, companionship, and sexual relationship with his wife, said damage being permanent in nature.

WHEREFORE, Plaintiff Milo Metcalf, demands judgment against Defendant, United States of America, in the sum of $6,000,000.00.

DEBRA METCALF and MILO METCALF, Plaintiffs, By one of their attorneys, Thomas F. Koester of the law firm of Phebus & Koester, LLP

By: <u>s/Thomas F. Koester</u>
PHEBUS & KOESTER, LLP
136 West Main Street
P.O. Box 1008
Urbana, Illinois 61801
Phone: 217-337-1400
Fax: 217-337-1607
*tkoester@phebuslaw.com*

f:\docs\pam\pclients\metcalf\complaint.doc

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Debra Metcalf and Milo Metcalf

### DEFENDANTS
The United States of America

(b) County of Residence of First Listed Plaintiff: **Edgar, IL**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Vermilion, IL**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Phebus & Koester, LLP 136 West Main St., Urbana, IL 61801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury

**PERSONAL INJURY**
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 United States Code Section 2671, et. seq.
Brief description of cause:
Tort Claims based on a failure to provide adequate security and protection

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 18,000,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE N/A   DOCKET NUMBER N/A

DATE: 09/03/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____